IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEHMAR GLADDEN,
   Petitioner,

v.

JOHN KERESTES, et al.,
   Respondents.

CIVIL NO. 13-3617

FILED
DEC 27 2013
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ORDER

AND NOW, this 27th day of December 2013, upon careful and independent consideration of the Petition for Writ of Habeas Corpus [Doc. No. 1] and the response thereto [Doc. No. 6], and upon review of the Report and Recommendation ("R & R") of United States Magistrate Judge Jacob P. Hart [Doc. No. 7], to which Petitioner objected [Doc. Nos. 8 and 9], it is hereby **ORDERED** that:

1. Petitioner's objections to the R & R are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. Petitioner's request for a stay of his petition pending state court review of his second PCRA petition is **DENIED**;

4. The Petition for Writ of Habeas Corpus is **DISMISSED** as untimely filed;[1]

---

[1] The R & R notes that, in 1999, Gladden was found guilty and sentenced to life imprisonment for crimes committed after Gladden turned 18-years-old. He was approximately 18 years and 8 months at the time of the crimes.

 In the present petition, Gladden argues that he is entitled to relief pursuant to the rule announced in Miller v. Alabama, 132 S. Ct. 2455 (2012). In Miller, the Supreme Court found that laws imposing *mandatory* life sentences without the possibility of parole in homicide cases might lead to disproportionate punishment for some juveniles, in violation of the Eighth Amendment. Therefore, the Supreme Court held that when sentencing offenders for homicides committed prior to the offenders' eighteenth birthdays, courts must make *individualized determinations* about the appropriateness of sentencing those individuals to life imprisonment without the possibility of parole prior to imposing such a sentence.

 Although Gladden was over age 18 at the time of the crimes for which he received a life sentence, Gladden argues that his petition for new sentencing proceedings pursuant to Miller was timely filed within one year of the date on which the Supreme Court initially recognized the constitutional right asserted. 28 U.S.C. §2244(d)(1)(C). In his petition and in his objections to the R & R, Gladden reasons that the equal protection clause requires this Court to construe

1

5. There is no probable cause to issue a certificate of appealability; and

6. As this Order is the Final Judgment of the Court, the Clerk of Court is **DIRECTED** to mark this case closed.

It is so **ORDERED**.

BY THE COURT:

CYNTHIA M. RUFE, J.

---

Miller to apply to him. Specifically, his petition asks this Court to extend the Supreme Court's ruling in Miller to individuals between the ages of 18 and 25. However, as the Supreme Court did not recognize the constitutional right for which Gladden advocates, and Miller is plainly inapplicable to Gladden, Gladden's petition is untimely filed and must be dismissed.